**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:20-CV-00067-HBB**

**APRIL SPELLMEYER**                                                                        **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI, ACTING COMMISSIONER[1]**
**SOCIAL SECURITY ADMINISTRATION**                                     **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of April Spellmeyer ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both Plaintiff (DN 15) and Defendant (DN 19) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13). By Order entered April 15, 2021 (DN 14), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

FINDINGS OF FACT

Plaintiff protectively filed an application for Disability Insurance Benefits on July 2, 2016 (Tr. 15, 196-89, 199-204). Plaintiff alleges to have become disabled on October 19, 2013, as a result of adhesion related disorder, arthritis in back, depression, anxiety, arthritis in hip, and chronic pain (Tr. 15, 72-73, 89, 221). The claim was initially denied on September 19,[2] 2016, and the claim was again denied upon reconsideration on March 1,[3] 2017 (Tr. 15, 85-86, 87, 102).

Administrative Law Judge David Peeples ("ALJ") conducted a video hearing from Paducah, Kentucky on July 27, 2018 (Tr. 15, 32-34). Virtually present at the hearing from Owensboro, Kentucky was Plaintiff and her attorney Sara J. Martin Diaz (Id.). During the hearing, Leslie F. Lloyd testified as a vocational expert (Tr. 15, 32-34, 64-70).

At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 19, 2013, the alleged onset date (Tr. 17). At the second step, the ALJ determined Plaintiff has the following severe impairments: adhesion related disorder, degenerative disc disease, depression, and anxiety (Tr. 18). The ALJ also found Plaintiff's hernia to be nonsevere (Id.). At the third step, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 (Id.).

---

[2] The ALJ's determination listed the denial date of the initial determination as September 21, 2016 (Tr. 15). However, the signature of the Disability Adjudicator/Examiner was dated September 19, 2016 (Tr. 85), which corresponds with September 19th being the date on the Disability Determination and Transmittal form (Tr. 86). When faced with this conflict, the undersigned will use the September 19, 2016, date.

[3] The ALJ's determination listed the denial date of the reconsideration determination as March 15, 2017 (Tr. 15). However, the signature of the Disability Adjudicator/Examiner was dated March 14, 2017 (Tr. 102). To complicate matters, the Disability Determination and Transmittal form listed the date as March 1, 2017 (Tr. 87). When faced with this conflict, the undersigned will use the March 1, 2017, date on the transmittal document.

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) except for the following limitations: Plaintiff can lift and carry twenty pounds occasionally and ten pounds frequently; can sit, stand, and walk each for six hours in an eight-hour workday; can push and pull as much as she can lift and carry; can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; can never climb ladders, ropes, and scaffolds; has no limitation with balancing; can understand and remember at least simple tasks; can concentrate and persist for at least simple tasks; can socially interact appropriately in a work setting; and can adapt to routine changes and stressors in a fulltime work setting (Tr. 19-20). The ALJ found Plaintiff is unable to perform any past relevant work, specifically as a tax preparer, DOT 219.362-070, supervisor in a contract-sheltered workshop, DOT 187.134-010, a mental retardation aide, DOT 355.377-018, a psychiatric aide, DOT 355.377-014, or a combination job of furniture salesperson, DOT 270.357-030, and an automotive salesperson, DOT 273.353-010 (Tr. 23-24).

After this finding, the ALJ went to the fifth step, where the ALJ also considered Plaintiff's RFC, age, education, and past work experience, as well as testimony from the vocational expert, to find that Plaintiff is able to perform other jobs that exist in the national economy (Tr. 24). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, since October 19, 2013, through the date of the decision, November 29, 2018 (Tr. 25).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 195). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. § 401 et seq. (Title II Disability Insurance Benefits). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. § 423(d)(1)(A) (Title II); 20 C.F.R. § 404.1505(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

Challenge to Finding No. 5: Plaintiff's Subjective Complaints

1. Arguments of the Parties

Plaintiff argues that "[t]he ALJ did not properly support his disregard for [Plaintiff]'s testimony with substantial evidence" (DN 15-1 PageID 2445). Plaintiff goes on to claim, "The ALJ never provided a sufficient reason as to why [Plaintiff]'s testimony was found to be only partially inconsistent with the evidence of record . . ." (Id.). In particular, Plaintiff relies upon two assertions: (1) "The ALJ improperly drew speculative inferences from the medical evidence and conducted a selective review of the record in order to diminish the severity of [Plaintiff]'s pain and limitations" (Id. at PageID 2449), and (2) "The ALJ did not comply with agency policy in evaluating the consistency of [Plaintiff]'s pain with her treatment and reached an illogical conclusion that was unsupported by substantial evidence" (Id. at PageID 2450). According to Plaintiff's testimony at the administrative hearing, her pain fluctuated in severity but remained constant, and, as a result, she would miss several days of work per month (Id. at PageID 2448).

Looking to the first allegation, Plaintiff asserts that the ALJ made "independent medical findings that contradicted [Plaintiff]'s testimony and belied that vast majority of medical evidence support[ed] chronic and severe pain" (Id. at PageID 2450). Further, Plaintiff's proposes that "the ALJ illogically concluded that [Plaintiff]'s complaints were inconsistent with the record because she only used 'conservative treatment' for her abdominal pain" but did not explain what would constitute "conservative treatment" (Id. at PageID 2451). Moreover, the ALJ did not consider Social Security Ruling ("SSR") 16-3p, which dictates that an individual's symptoms will not be considered inconsistent with the record "without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints" (Id.).

In contrast, Defendant claims that "an ALJ's assessment of a claimant's allegations is given great wight and great deference" (DN 19 PageID 2468-69) (citing Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003)). In the present case, Defendant contends that the ALJ properly conducted the two-step process to evaluate Plaintiff's subjective statements and reasonably evaluated Plaintiff's subjective statements (Id. at PageID 2469). Specifically, "[t]he ALJ first noted that the objective evidence did not support Plaintiff's claims[,]" and the ALJ cited several occasions where Plaintiff's diagnostic imaging was "unremarkable" and where Plaintiff's medication regime better controlled her pain (Id. at PageID 2469-70). Defendant discusses instances where Plaintiff's pain was controlled by her medication regime, and, even when her initial prescription was no longer controlling her pain, her pain was controlled again after an adjustment (Id. at PageID 2470). Moreover, Plaintiff's physical examinations generally showed full range of motion with full strength, no tenderness to palpation, negative straight leg raise, normal gait, and an ability to sit, stand, and move easily (Id. at PageID 2471).

2. Discussion

The RFC finding is an Administrative Law Judge's ultimate determination of what a claimant can still do despite her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c); Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 728 (6th Cir. 2013). An Administrative Law Judge makes this finding based on a consideration of medical opinions and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c). Thus, in making the RFC finding an Administrative Law Judge must necessarily assign weight to the medical source statements in the record. Id. §§ 404.1527(c), 404.1529(a).

In assessing a claimant's RFC, the Administrative Law Judge must also consider the subjective allegations of the claimant and make findings. Id. § 404.1529; SSR 16-3p. A claimant's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and/or other symptoms alleged. Id. § 404.1529(a). In determining whether a claimant suffers from debilitating pain and/or other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. When, as in this case, the reported pain and/or other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the Administrative Law Judge will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. § 404.1529(c)(3).

A plaintiff's level of daily activity is a factor which the Administrative Law Judge may consider in determining the extent to which pain is of disabling severity. Id. § 404.1529(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (As a matter of law, the Administrative Law Judge may consider household and social activities in evaluating complaints of disabling pain.). Plaintiff's activities during the relevant time period involved occasionally making family meals, loading the

dishwasher, doing laundry, light cleaning, grocery shopping, changing diapers, bathing children, taking children to their appointments, and occasionally going outside (Tr. 236, 239-42). Additionally, the ALJ noted that while Plaintiff's spouse was recovering from an injury, Plaintiff was able to do all the housework, run all the errands, cook, and take care of the kids, even if this extended activity left her "curled up in a ball" (Tr. 21, 2225). This level of activity, while not extensive, is not indicative of disabling pain. *See* Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 (6th Cir. 1986). Additionally, the frequency that a claimant has sought treatment for the allegedly disabling back pain and adhesion related disorder is a factor that may be considered in assessing her subjective complaints. 20 C.F.R. § 404.1529(c)(3)(v). Moreover, other considerations are whether there are "any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence . . .[,]" Id. § 404.1529(c)(4), and the medication used to alleviate the alleged pain or other symptoms. Id. § 404.1529(c)(3)(iv). Mild medication and infrequency of dosages taken by a claimant do not bear out claims of debilitating pain. *See* Maher v. Sec'y of Health & Human Servs., 898 F.2d 1106, 1109 (6th Cir. 1989).

The ALJ found from the medical record and Plaintiff's testimony that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but the ALJ found that the statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the evidence in the record (Tr. 21). In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to assess the degree to which Plaintiff suffers from the pain and other symptoms. Since tolerance of pain and/or other symptoms is a highly individualized matter, the conclusion of the

Administrative Law Judge, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)).

The ALJ's determination discussed the information presented by Plaintiff, including that "she needs a full hysterectomy to help alleviate her pain, but no surgeon will perform the procedure as she is too high risk," she utilizes narcotic mediation for pain management, she does not fix her hair as a result of pain, she experiences "bad days" where she is unable to leave her bed, and she experiences seven to ten episodes of pain a month which are severe enough to warrant a visit to the emergency department (Tr. 20). However, the ALJ also mentioned that Plaintiff currently has pain management treatment, she has begun mental health treatment, she can drive, she can dress herself and shower, she can prepare food for her children, she washes clothes and moves them to the dryer, she attends her children's programs, she visits her family one to two times per week (Id.).

Certainly, the ALJ is not qualified to interpret raw medical data in terms of functional limitations. See Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) ("As a lay person, however, the ALJ was simply not qualified to interpret raw medical data in functioning terms and no medical opinion supported the determination."). But, contrary to Plaintiff's accusation, there is no indication the ALJ did that here. Instead, the ALJ merely summarized Plaintiff's own testimony in the administrative hearing.

When turning to the next several paragraphs of the ALJ's determination, the ALJ noted that diagnostic imaging was generally "unremarkable," and this is consistent with the almost three dozen pages of documentation cited (Tr. 21) (citing 829, 835, 855, 862, 930, 947, 955, 977, 984,

1003, 1029, 1083, 1090, 1201, 1207, 1339, 1345, 1403, 1459, 1548, 1576, 1582, 1649, 1678, 2275). This was not the ALJ specifically finding the result unremarkable, but rather, the documentation would explicitly state that the findings were "unremarkable", or no adverse or abnormal findings were present (Id.). Moreover, the ALJ referred to instances where Plaintiff did not receive IV pain medication or narcotic medication (Id.) (citing Tr. 1885, 1889-90, 1928), including one instance when Plaintiff became "very upset" upon discharge and refused a prescription for Tylenol (Id.) (citing Tr. 1929).

As for the potential surgery, Plaintiff asserts that the ALJ acknowledged the discussion about a hysterectomy "but that the surgery will likely result in more adhesions and complications, defeating the purpose of the surgery" (DN 15-1 PageID 2451) (citing Tr. 463). However, this is not what the document says. It reads:

> We discussed the joint surgery in detail with Dr. Metzinger to proceed with the hysterectomy. She was informed to have an open hysterectomy vs. the laparoscopic approach to try and minimize complication rates. We discussed the negative side effects of recurrent laparotomies. I will consult with Dr. Metzinger about continuing with the hysterectomy with my assist. In my opinion, I advised her that exploratory surgery complete lysis of adhesions will lead to complications with no tangible benefits in her situation.

(Tr. 463) (duplicative period omitted). Nowhere in this notation, nor in anywhere else cited by Plaintiff, has Plaintiff's treating physician opined that a hysterectomy would result in worsening symptoms. Instead, Plaintiff's physician cautioned against "exploratory surgery complete lysis of adhesions" (Id.). This was precisely what the ALJ discussed in the determination (Tr. 21). The ALJ went on to note that "[t]here is no indication that [Plaintiff] has elected to follow through with either potential treatment" (Id.).

11

Finally, Plaintiff has not proffered any specific citations where the ALJ willfully omitted or misconstrued in the determination. Thus, there is no merit to Plaintiff's accusation that the ALJ made independent medical findings in terms of functional limitations.

Based upon the ALJ's determination and the evidence in the record, the Court finds that the ALJ comported with applicable law, and the determination is supported by substantial evidence. As such, Plaintiff is awarded no relief under this claim.

Challenge to Finding No. 5: Light Work RFC

1. Arguments of the Parties

Utilizing arguments from the previous contention, Plaintiff also asserts that "the ALJ improperly used activities of daily living . . . evidence in evaluating [Plaintiff]'s RFC" (DN 15-1 PageID 2454). According to Plaintiff, "[t]he ALJ improperly used [activities of daily living] evidence to disregard overwhelming evidence of severe and chronic pain that would limit [Plaintiff]'s functionality beyond these infrequent and significantly limited activities" (Id. at PageID 2454-55). This evidence aligns with Plaintiff's testimony at the administrative hearing, where Plaintiff testified that she is not able to complete these daily living activities every day, and, when these activities are completed, Plaintiff still suffers from pain (Id. at PageID 2455). Therefore, based upon the prior argument and these assertions, Plaintiff contends that the ALJ's RFC finding is not supported by substantial evidence.

Defendant disputes Plaintiff's argument by claiming that "[t]he ALJ here did not improperly equate Plaintiff's daily activities with the demands of a full time job" (DN 19 PageID 2472). Instead, "he reasonably concluded that the breadth of her activities undercut her claims of total disability" (Id.). Additionally, "the ALJ reasonably considered that Plaintiff chose

not to pursue surgery and instead relied on conservative treatment with medications and injections" (Id. at PageID 2473). Moreover, Defendant explains that "the only medical opinion in the record supports the ALJ's findings" (Id.). "The state agency reviewing physician opined that Plaintiff could perform work at the light exertional level with additional limitations[,]" and "[t]he ALJ reasonably concluded that this opinion was consistent with Plaintiff's treatment history . . . and was supported by Plaintiff's ongoing symptoms despite treatment" (Id.) (citing Tr. 23, 96-99).

2. Discussion

As previously noted, during the RFC analysis, a plaintiff's level of daily activity is a factor which the Administrative Law Judge may consider in determining the extent to which pain is of disabling severity. 20 C.F.R § 404.1529(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (As a matter of law, the Administrative Law Judge may consider household and social activities in evaluating complaints of disabling pain.). Plaintiff's activities during the relevant time period involved occasionally making family meals, loading the dishwasher, doing laundry, light cleaning, grocery shopping, changing diapers, bathing children, taking children to their appointments, and occasionally going outside (Tr. 236, 239-42). Additionally, the ALJ noted that while Plaintiff's spouse was recovering from an injury, Plaintiff was able to do all the housework, run all the errands, cook, and take care of the kids, even if this extended activity left her "curled up in a ball" (Tr. 21, 2225). This level of activity, while not extensive, is not indicative of *disabling* pain. *See* Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 (6th Cir. 1986).

Additionally, at no point did the ALJ attempt to compare Plaintiff's activities of daily living to the requirements of full-time sustained work (*Compare* Tr. 20-23 *with* DN 15-1 PageID 2454).

Instead, the ALJ utilized this information, in addition to the medical documentation and the medical opinions of the physical and psychological consultants, to find that "[t]he evidence does not entirely support [Plaintiff]'s allegations of limitation" (Tr. 23). Finding that the activities of daily living renders Plaintiff's testimony as to disability less persuasive does not mean that the activities were a perfect comparison to the requirements of a full-time job. Instead, after considering the opinions of the vocational expert and the State agency consultants, the ALJ's RFC determination was built upon ample evidence present in the record, both from medical records and opinions and Plaintiff's own testimony. Therefore, the ALJ's determination is supported by substantial evidence and complied with applicable law. Plaintiff's argument is unpersuasive.

## Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. (Id.). After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

<u>ORDER</u>

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

H. Brent Brennenstuhl
United States Magistrate Judge

September 28, 2021

Copies:     Counsel of Record